IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

MICHAEL MARCHANT, as Personal )
Representative of the Estate of C.L.B., )
Deceased, )
       )
             Plaintiff, )
       )
          v. )    CASE NO. 3:11-CV-1107-WKW
       )             [WO]
TONY MANE and ANGELA MANE, )
aka ANGELA STARLING, )
       )
            Defendants. )

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Remand (Doc. # 6), to which Defendants responded (Doc. # 10) and filed an evidentiary submission (Doc. # 9), and Plaintiff replied (Doc. # 11). For the reasons that follow, Plaintiff's Motion for Remand is due to be denied.

## I. STANDARD OF REVIEW

"[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). However, "[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379 (1994). Thus, with respect to cases removed to this court

pursuant to 28 U.S.C. § 1441, the law of the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear.   "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."  *Burns*, 31 F.3d at 1095.

## II.  BACKGROUND

This case is brought under Alabama's Wrongful Death Act, Ala. Code § 6-5-410.  Plaintiff alleges that "Defendants negligently and or wantonly allowed a pack of dogs owned by Defendants to which Defendants knew to be vicious and dangerous to go at large and enter upon the property" where the decedent, a minor child, was playing.  (Compl. ¶ 2.)  Plaintiff further alleges that the decedent was mauled to death by Defendants' pack of dogs.  (Compl. ¶ 3.)  The complaint does not specify the amount of damages sought.

Plaintiff originally filed suit in the Circuit Court of Russell County, Alabama. Defendants removed this case pursuant to § 1441 and the first paragraph of 28 U.S.C. § 1446(b), seeking to invoke this court's diversity jurisdiction under 28 U.S.C. § 1332.  (Doc. # 1, ¶ 6.)  The procedural requirements of § 1446(b) have been met as Defendants removed this case within thirty days of receiving the initial pleading.[1]  The

---

[1]  Defendants were served with the complaint on November 28, 2011, and they removed this case on December 27, 2011.  (*See* Doc. # 1.)  Section 1441(b) was amended in 2011, and those amendments became effective on January 6, 2012.  *See* Federal Courts Jurisdiction & Venue Clarification Act of 2011, Pub.L. No. 112–63, 125 Stat. 758.  Because this action was

issue is whether Defendants have met their burden to establish complete diversity of citizenship and the jurisdictional amount in controversy.

## III.  DISCUSSION

The removing defendant has the burden of establishing the existence of federal jurisdiction.  *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).  With respect to diversity jurisdiction, a federal court has original jurisdiction over an action where there is complete diversity between the parties and the amount in controversy exceeds $75,000.  There must be complete diversity, meaning that "the citizenship of every plaintiff must be diverse from the citizenship of every defendant."  *Legg v. Wyeth*, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005).  The removing defendant must demonstrate that complete diversity exists by a preponderance of the evidence.  *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1340 (11th Cir. 2011)

An individual is a citizen of the state in which he is domiciled.  *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).  "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom."  *Id.* at 1257–58 (internal quotation marks and citation omitted).  For a person's domicile to change, "a concurrent showing of (1) physical presence at the new location with (2) an intention

---

commenced prior to the Act's effective date, the Act does not apply to this action.  *See id.*

to remain there indefinitely" is required.  *Id.* at 1258 (internal quotation marks and citation omitted).

Furthermore, because Plaintiff has made an unspecified claim for damages, Defendants must show "by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $75,000 jurisdictional requirement." *Tapscott v. MS Dealer Serv. Corp.*, 77 F. 3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). However, even if there is no specified claim for damages in the complaint, it may be "'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)).  In the § 1446(b) first paragraph removal context, "when a district court can determine, relying on its judicial experience and common sense, that a claim satisfies the amount-in-controversy requirements, it need not give credence to a plaintiff's representation that the value of the claim is indeterminate." *Roe*, 613 F.3d at 1064. With these principles in mind, the arguments of the parties are now considered.

A.    <u>**Diversity of Citizenship**</u>

Defendants assert in their Notice of Removal that there is complete diversity because Plaintiff is a citizen of Alabama, and Defendants are citizens of Georgia.

(Doc. # 1, ¶ 6.)  Plaintiff argues that Defendant Angela Mane is actually a citizen of Alabama, which destroys complete diversity.  (Doc. # 6, at 3.)  As evidence of Mrs. Mane's Alabama citizenship, Plaintiff points to the fact that Mrs. Mane claimed her Alabama property as her homestead for the 2011 and 2012 tax years.  (Doc. # 6, at 3; *see also* Pl.'s Exs. A, B, & C.)

Defendants, on the other hand, argue that Mrs. Mane changed her domicile from Alabama to Georgia before the suit was filed.  (Doc. # 10, at 4.)  Defendants provide evidence establishing that, prior to the filing of the suit, Defendant Tony Mane (Mrs. Mane's husband) bought a house in Georgia.  (Doc. # 10, at 4–5; Defs.' Ex. F.)  Defendants also provide evidence showing that, prior to the filing of the suit, Mrs. Mane registered to vote in Georgia, obtained a Georgia driver's license, listed on her driver's license the Georgia address where she and her husband reside, and registered her vehicle in Georgia.  Defendants' evidence also shows that Mrs. Mane notified the United States Postal Service of a change in address from Alabama to Georgia, has family members who live near her home in Georgia, and has been employed in Georgia.  (Doc. # 10, at 4–7; Defs.' Exs. E, 1, 3, & 4.)  Furthermore, Mrs. Mane listed her Alabama property for sale with Remax on September 1, 2011, and the listing described the property as vacant.  (Doc. # 10, at 6; Defs.' Ex. 5.)  Based on the totality of this evidence, the court finds that Defendants have established by a preponderance

of the evidence, that at the time the action was filed and at the time of removal, Mrs. Mane was a Georgia citizen because she was physically present in Georgia with the intention to remain there indefinitely.  Thus, complete diversity exists among the parties.

## B.      Amount in Controversy

Plaintiff also argues that Defendants have not met their burden of proving the jurisdictional amount in controversy because Plaintiff made no demand for specific damages and because the jury may award damages less than the jurisdictional amount.[2]  (Doc. # 6, at 3.)  Defendants argue that it is readily apparent from the allegations of the complaint that the amount in controversy is met.  (Doc. # 10, at 9.)  Upon review of Defendants' analysis of the factors considered in *Roe*, Doc. # 10, at 12–13, and upon application of judicial experience and common sense, the court finds that the value of Plaintiff's claim as pled more likely than not exceeds the minimum jurisdictional requirement.  *See Roe*, 613 F.3d at 1066; *Nelson v. Whirlpool Corp.,* 668 F. Supp. 2d 1368, 1381 (S.D. Ala. 2009) (finding amount in controversy was met in

---

[2]  Plaintiff's arguments based on *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007), are unpersuasive.  Furthermore, as the Eleventh Circuit made clear in *Roe*, "[w]hile some of the language [of *Lowery*] sweeps more broadly, it is dicta insofar as a § 1446(b) first paragraph case, like this one, is concerned."  613 F.3d at 1061 n.3 (quoting *Pretka*, 608 F.3d at 747) (alterations in original).

an Alabama wrongful death suit because "wantonly causing the death of a human being . . . places more than $75,000 in controversy").

## IV.  CONCLUSION

Because there is diversity of citizenship and the jurisdictional amount in controversy is met, Defendants have carried their burden to establish this court's jurisdiction under § 1332.  Defendants also have satisfied the procedural requirements of § 1446(b).  Accordingly, it is ORDERED that Plaintiff's Motion for Remand (Doc. # 6) is DENIED.

DONE this 25th day of June, 2012.

_____/s/ W.  Keith Watkins_____
CHIEF UNITED STATES DISTRICT JUDGE